1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7    JOSHUA LEE PERRY,                        Case No.  21-cv-08311-HSG
8                   Petitioner,
                                              **ORDER OF DISMISSAL WITH LEAVE
9          v.                                 TO AMEND**
10   JAMES ROBERTSON,
11                 Respondent.
12
13         Petitioner, an inmate at Pelican Bay State Prison, filed this *pro se* action seeking a writ of
14   habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction.  His petition is
15   now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing
16   Section 2254 Cases in the United States District Courts.  Petitioner has paid the filing fee.  Dkt.
17   No. 4.
18                                  **BACKGROUND**
19         According to the petition, in 2015, Petitioner was sentenced to 22 years to life in Contra
20   Costa County Superior Court, after pleading nolo contendere to voluntary manslaughter.  Dkt. No.
21   1 at 1-2.  Petitioner reports unsuccessfully appealing his conviction, but is unclear whether he filed
22   a petition for review with the California Supreme Court.  Dkt. No. 1 at 3.
23                                  **DISCUSSION**
24   A.    **Standard of Review**
25         This court may entertain a petition for writ of habeas corpus "in behalf of a person in
26   custody pursuant to the judgment of a state court only on the ground that he is in custody in
27   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v.*
28   *Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing

*United States District Court*
*Northern District of California*

1    the respondent to show cause why the writ should not be granted, unless it appears from the

2    application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

3    **B.      Petition**

4         Petitioner alleges that he was convicted of a homicide in a situation in which he was not

5    the killer, and that all eyewitnesses in the underlying state court proceeding can support this

6    allegation.  Dkt. No. 1 at 5.  This allegation fails to state a cognizable federal habeas claim for

7    several reasons.

8         First, federal habeas relief may only be granted if the petitioner is in custody in violation of

9    the Constitution or laws or treaties of the United States.  Petitioner has not identified any violation

10   of either the federal Constitution or federal law.

11        Second, a defendant who pleads guilty cannot later raise in habeas corpus proceedings

12   independent claims relating to the deprivation of constitutional rights that occurred before the plea

13   of guilty.  *See Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses

14   consideration of pre-plea constitutional deprivations).  The only challenges left open in federal

15   habeas corpus after a guilty plea are the voluntary and intelligent character of the plea and the

16   nature of the advice of counsel to plead.  *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Tollett v.*

17   *Henderson*, 411 U.S. 258, 267 (1973).  A defendant who pleads guilty upon the advice of counsel

18   may only attack the voluntary and intelligent character of the guilty plea by showing that the

19   advice he received from counsel was not within the range of competence demanded of attorneys in

20   criminal cases.  *Id*.  Petitioner reports that he pled nolo contendere to voluntary manslaughter.

21   This plea precludes him from seeking federal habeas relief for independent claims relating to the

22   deprivation of constitutional rights that occurred before the nolo contendere plea.

23        Third, generally speaking, a freestanding claim of actual innocence alone fails to state a

24   cognizable federal habeas relief.  In 1993, the Supreme Court noted that "[c]laims of actual

25   innocence based on newly discovered evidence have never been held to state a ground for federal

26   habeas relief absent an independent constitutional violation occurring in the underlying state

27   criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400, (1993).  Petitioner's claim that he is

28   innocent of the underlying charge does not, by itself, state a cognizable claim for federal habeas

United States District Court
Northern District of California

2

1    relief.

2          Finally, prisoners in state custody who wish to challenge collaterally in federal habeas

3    proceedings either the fact or length of their confinement are first required to exhaust state judicial

4    remedies, either on direct appeal or through collateral proceedings, by presenting the highest state

5    court available with a fair opportunity to rule on the merits of each and every claim they seek to

6    raise in federal court.  *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).

7    A district court may not grant federal habeas relief unless state court remedies are exhausted or

8    exhaustion there is either "an absence of available state corrective process" or such process has

9    been "rendered ineffective."  *See* 28 U.S.C. § 2254(b)(1)(A)-(B).  If Petitioner did not present this

10   claim to the California Supreme Court, it would be unexhausted and this Court would be unable to

11   consider it.

12         The Court DISMISSES this petition with leave to amend to address the above identified

13   deficiencies, if Petitioner can truthfully do so.

14                                      **CONCLUSION**

15         For the foregoing reasons, the Court DISMISSES the petition with leave to amend.  Within

16   twenty-eight (28) days of the date of this order, Petitioner shall file an amended petition.  The

17   amended petition must include the caption and civil case number used in this order (21-cv-08311

18   HSG) and the words "AMENDED PETITION" on the first page.  Because an amended petition

19   completely replaces the previous petitions, Petitioner must include in his amended petition all the

20   claims he wishes to present.  Petitioner may not incorporate material from the prior petition by

21   reference.  Failure to file an amended petition in accordance with this order will result in dismissal

22   of this action either for failure to prosecute under Federal Rule of Civil Procedure 41(b) or for

23   failure to state a cognizable claim for federal habeas relief.

24         **IT IS SO ORDERED.**

25   Dated: 2/11/2022

26

27         HAYWOOD S. GILLIAM, JR.
           United States District Judge

28

United States District Court
Northern District of California